UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Luther Garner, | ) C/A No. 4:06-1355-MBS |
|                Plaintiff, | ) |
| vs. | ) |
| | ) **O R D E R** |
| Ms. Debbie Hippe; Mr. Tom Fox; | ) |
| J. Reuben Long Detention Center, | ) |
|                Defendants. | ) |

At the time of the underlying complaint, Plaintiff Luther Garner was a pretrial detainee at the J. Reuben Long Detention Center ("JRLDC") in Conway, South Carolina. Plaintiff, appearing pro se, alleges that he was denied adequate medical care and discriminated against in violation of his rights under the Fourteenth Amendment. Plaintiff brings this action pursuant to 42 U.S.C. § 1983

This matter is before the court on motion for summary judgment filed by Defendants Debbie Hippe, Tom Fox, and J. Reuben Long Detention Center on October 27, 2006. (Entry 21) By order filed October 30, 2006, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to the summary judgment motion on November 27, 2006.

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers III for pretrial handling. The Magistrate Judge filed a Report and Recommendation on August 14, 2007 in which he recommended that Defendants' motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on September 4, 2007.

The Magistrate Judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. Id. The court is charged with conducting a de novo review of the report to which specific objection has been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I.  FACTS

The facts are discussed in detail in the Report and Recommendation. Briefly, Plaintiff broke both of his legs in a motorcycle accident in New Jersey several years ago. While at JRLDC, Plaintiff sought an appointment with an orthopaedist because the injury was "given [*sic*] [him] problems." Complaint, p. 3. Plaintiff asserts that, according to Hippe, he would be required to expend his own funds to visit an orthopaedist for treatment because his complaints were the result of a pre-existing injury. Plaintiff asserts that both Hippe and Fox informed him JRLDC was responsible only for providing transportation. Plaintiff contends that outside medical treatment for leg and hip pain was delayed for six months because he could not afford to pay for it.

## II.  DISCUSSION

Plaintiff contends the Magistrate Judge erred in recommending summary judgment be granted with respect to his claim that he was denied adequate medical care. The court disagrees.

As a pretrial detainee, Plaintiff retained certain rights unavailable to convicted prisoners. A person lawfully committed to pretrial detention has not been adjudged guilty of any crime. Under such circumstances, he may be detained by the government to ensure his presence at trial; however, the conditions and restrictions to which he is subject at the detention facility cannot amount to

punishment, or otherwise violate the Constitution. Bell v. Wolfish, 441 U.S. 520, 536 (1979). The due process clause of the Fourteenth Amendment protects pretrial detainees. Id. at 535 n. 16. These protections are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revene v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983).

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A pretrial detainee makes out a due process violation if he shows deliberate indifference to serious medical needs within the meaning of Estelle. Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988).

Assuming for purposes of summary judgment that Plaintiff's complaints of leg and hip pain constituted "serious medical needs," it is clear that Defendants were not deliberately different to his needs. As the Magistrate Judge noted, Plaintiff was prescribed Motrin for pain. He saw a private orthopaedist on three occasions and in May 2006 underwent an MRI. Plaintiff was given a gel shoe insert to improve his gait, was given Medrol to help with inflammation and pain. The gel shoe insert completely resolved his hip pain.

Plaintiff asserts that he was only seen by an outside physician after he made arrangements first. The key question is whether medical personnel provided Plaintiff with some kind of treatment, regardless of whether it was what Plaintiff desired. See Lamb v. Maschner, 633 F. Supp. 351, 353 (D. Kan. 1986). In this case, Plaintiff's complaints of pain were addressed by medical staff until he was able to make arrangements to treat his pre-existing condition. Plaintiff's objections are without merit.

Plaintiff does not object to the Magistrate Judge's finding that Plaintiff asserted only conclusory allegations with respect to "discrimination." In the absence of objections to the Report,

this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### III.  CONCLUSION

The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.  For the reasons stated above and in the Report and Recommendation, Defendants' motion for summary judgment (Entry 21) is **granted**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

September 27, 2007.

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**